## Wilmoth v. Lynch Construction Company of New York.

*Foreign attachment—Rule to dissolve—Contract—Notice required under contract—Time—Foreign laws.*

1. In a foreign attachment based on a contract by which defendant, a foreign corporation, was to return the purchase money paid by plaintiff for its stock on thirty days' notice, the attachment will not be dissolved because no such notice was given in the time specified, where it appears that the time between the issuance of the writ and its return afforded defendant a much longer period to comply with the demand than the terms of the contract required.

2. In such case, the invalidity of the contract under the laws of the state where it was to be carried out cannot be set up on a rule to dissolve the attachment.

3. An affidavit of cause of action may be amended.

Rule to dissolve foreign attachment. C. P. No. 5, Phila. Co., Sept. T., 1925, No. 57.

*Ewing, Remick & Saul,* for plaintiff; *M. J. Speiser,* for defendant.

MARTIN, P. J., Sept. 29, 1925.—Plaintiff issued a writ of foreign attachment and filed an affidavit of cause of action, to which was attached a copy of a contract, by the terms of which defendant agreed to employ plaintiff and plaintiff agreed to purchase and pay for shares of stock in the defendant corporation. The affidavit avers that plaintiff entered into the employ of defendant and purchased the stock.

The contract stipulated that payment for the stock should be made in cash, and provided, in case the employment of plaintiff by defendant should for any reason be terminated, the defendant, on thirty days' notice and a tender of the stock, would purchase it and pay to plaintiff the purchase price paid by him, with 6 per cent. interest.

Wilmoth v. Lynch Construction Company of New York.

The affidavit avers that plaintiff severed his employment with defendant, and, on or about April 25, 1924, made tender of the stock to defendant and demanded a return of the money he had paid for the stock, but that defendant refused to purchase or pay for the stock.

Upon presentation of a petition by defendant this rule was granted to show cause why the attachment should not be dissolved.

There is no averment in the affidavit of cause of action that defendant had property within the jurisdiction at the time the writ issued, but plaintiff has requested permission to file an amended affidavit of cause of action containing the averment that defendant had property within the jurisdiction at the time the writ issued, and permission is granted plaintiff to file an amended affidavit containing that averment.

It is objected that the affidavit of cause of action fails to state that plaintiff gave defendant thirty days' notice of his desire to have defendant purchase the stock, as required by the terms of the contract.

It is averred in the affidavit of cause of action that the tender of the stock and demand for the purchase money was made "on or about April 25th, 1924." The writ of foreign attachment issued on July 30, 1925, and was made returnable the third Monday of September, 1925, affording defendant a much longer period to comply with the demand than the terms of the contract required.

It is stated in the petition to dissolve the attachment that the agreement between plaintiff and defendant, upon the breach of which this action is based, is illegal and invalid under the laws of New York.

This, if true, is matter of defence to be submitted at the trial of the cause, but is not a proper subject for consideration on a motion to dissolve the attachment.

And now, to wit, Sept. 29, 1925, upon plaintiff filing an amended affidavit of cause of action averring that defendant had property within the jurisdiction of this court when the writ issued, the rule to dissolve the attachment is discharged.